## James A. Weaver v. Albert D. Bechtel.

*Agency—Special instructions—Requests to charge.*

1. A book-keeper who had some discretion in small sales was directed to collect a balance due upon a particular sale or to get the goods. *Held*, that this did not give him such standing as an agent that his employer would be bound by his neglect to warn a third person, to whom the purchaser sold the goods, that there was an unpaid claim upon them.

2. Requests to charge are properly refused where there is no sufficient testimony on which to base them.

Error to Saginaw. (Gage, J.) April 15.—April 30.

Trover. Defendant brings error. Affirmed.

*Trask, Grout & Smith* for appellant.

*Tarsney & Weadock* for appellee. Authority to collect and receive payment does not include authority to extend time, nor to receive anything but money: *Hutchings v. Mun-*

*ger* 41 N. Y. 158; *Ritch v. Smith* 82 N. Y. 627; *Cutchett v. American Ins. Co.* 10 Rep. 78; *Graydon v. Patterson* 13 Iowa 256; *Padfield v. Green* 85 Ill. 529; *McHany v. Schenk* 88 Ill. 364; *Hoffman v. Hancock Insurance Co.* 92 U. S. 161.

SHERWOOD, J.  The action in this case is trover for the conversion of a satin delaine lounge contracted for by a Mrs. Lucy Hall, with the agreement that the title to the property should remain in the plaintiff till paid for.  The property was procured of the plaintiff at East Saginaw, and the contract price to be paid was twenty dollars.  After Mrs. Hall had paid eight dollars on her contract she removed the lounge to Saginaw and sold it to the defendant, who, on demand therefor—which, we think, was sufficient—refused to comply, and the plaintiff brought this suit, first before a justice, and obtained judgment.  Defendant then appealed to the circuit.  On the trial there the plaintiff again had judgment, and the case is now before us on writ of error.

The testimony shows the plaintiff contracted to Mrs. Hall the lounge; that he had a book-keeper by the name of Fox who sometimes acted as his salesman, and in little matters had some discretion; that about the time Mrs. Hall was moving the lounge to Saginaw, Fox informed the plaintiff of what she was doing and the plaintiff gave him special orders to collect the money or get the goods and it does not appear he ever gave Fox any other authority.  Fox then called on Mrs. Hall and notified her of the balance yet due.  She said she knew it; that she was about to start a boarding-house in the city of Saginaw, and if he would let her take the lounge over there she would pay the balance the following week. The plaintiff consented to this arrangement but did not know that Mrs. Hall had sold the lounge until after defendant had bought it, and that he never consented to her selling it.  And as soon as he learned she had sold it to defendant he informed him of plaintiff's title to the property, and that he wanted the amount due upon it, or the property.  The testimony is conflicting as to the last three facts stated.

There was no sufficient testimony in the case upon which

to base the defendant's first and second requests to charge, and they were properly refused. The sale to defendant was made by Mrs. Hall before plaintiff knew anything about it, and the same is true as to the knowledge of Fox, if his testimony is to be believed; but whether true or not, he certainly, under his special instruction, occupied no position to limit the plaintiff by his claimed neglect to give information to defendant. We find no error under the other assignments. The charge of the circuit judge was fair, and, upon the facts as they appear in the record, very proper to be given.

The law and the facts are clearly with the plaintiff, and

The judgment must be affirmed.

· The other Justices concurred.